UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CARL DOUGLAS NOCE,<br>　　　　*Petitioner*,<br><br>　　v.<br><br>HAROLD W. CLARKE,<br>　　　　*Respondent*. | Civil Number 1:18-cv-00513-TSE-MSN |

**REPORT AND RECOMMENDATION**

Petitioner Carl Douglas Noce ("petitioner" or "Noce"), a Virginia inmate, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions entered in the Circuit Court for the Isle of Wight County on April 30, 2018 (Dkt. No. 1). On May 31, 2018, respondent Harold W. Clarke, Director of Virginia Department of Corrections ("respondent" or "Clarke"), filed a Motion to Dismiss, Rule 5 Answer, and supporting brief (Dkt. Nos. 5-7), and waived hearing on the motion and answer (Dkt. No. 13). On June 19, 2018, petitioner filed a Reply to the Motion to Dismiss (Dkt. No. 10). As the parties have fully briefed the issues presented and neither oral argument nor an evidentiary hearing would aid the decisional process, respondent's motion and answer are ripe for disposition. For the reasons stated below, the undersigned Magistrate Judge recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

**I.　　Procedural History**

A summary of the factual and procedural history of the case places petitioner's motion in context. Petitioner raped his daughter numerous times between August 16, 1998 and February 16, 2001, when his daughter was between fifteen and seventeen years old. *Carl Douglas Noce v.*

*Virginia*, No. 2135-31-1 (July 1, 2014) 2. The victim stated that they had sexual intercourse between five and six times per week during this period. *Id.* Although the victim could not "remember specifics" about particular dates because it was such a common occurrence at home, she identified three specific days between 1998 and 2001 that petitioner raped her: on her birthday, August 16, on his birthday, February 16, and on Christmas, December 25, because it was those days that petitioner "felt…either that's what [the victim] wanted, or what [the victim] would like for him to give as a gift on those days, birthdays, and Christmas." *Id.* Due to the multiple rapes, the victim contracted genital herpes from petitioner when she was "between sixteen and seventeen." *Id.* The victim was later diagnosed with dissociative identity disorder, or spilt personality disorder, which required her to "recover these memories" through counseling beginning in 2007. *Id.* In September 2012, the victim reported these previous incidents of incestuous rape. *Id.*

On December 12, 2012, petitioner was indicted on nine counts of incest with a child between thirteen and eighteen years of age, in violation of Virginia Code § 18.2-366(B), Pet. (Dkt. No. 1) ¶ 2, and was arraigned on those counts on May 8, 2013, *id.* at ¶ 3.[1] Following a bench trial on May 8, 2013 in the Circuit Court for the Isle of Wight County, petitioner was found guilty on all nine counts and was sentenced to 180 years imprisonment with 160 years suspended. Resp. Br., Ex. A (Dkt. No. 7-1) 1-2.[2] Petitioner appealed his convictions to the Court of Appeals of Virginia on March 5, 2015, arguing that the evidence was insufficient to prove that the offenses "occurred

---

[1] Petitioner was charged with incest in the following cases: Case No. 13-8, August 16, 1998; Case No. 13-9, December 25, 1998; Case No. 13-10, February 16, 1999; Case No. 13-11, August 16, 1999; Case No. 13-12, December 25, 1999; Case No. 13-13, February 16, 2000; Case No. 13-14, August 16, 2000; Case No. 14-15, February 16, 2001; and Case No. 13-16, December 25, 2000. Pet. (Dkt. No. 1) ¶ 3.

[2] For Case Nos. 13-8 through 13-11, petitioner was sentenced to 20 years with 15 years suspended on each count; and for Case Nos. 13-12 through 13-16, petitioner was sentenced to 20 years with 20 years suspended on each count. Resp. Br., Ex. A (Dkt. No. 7-1) 1-2.

on the dates alleged in the indictments." Resp. Br., Ex. B (Dkt. No. 7-2) 1. On July 1, 2014, the court denied petitioner's appeal by holding that the "evidence was more than sufficient to prove that [petitioner] raped his daughter on multiple occasions between 1998 and 2001," but "[e]ven if there were a lack of certainty as to the dates on which the offenses occurred, it would be reasonable for the trial court to conclude that [petitioner] committed incest with a child between thirteen and eighteen years of age on at least nine occasions during the time alleged in the indictment." *Id.* at 6. A three-judge panel denied petitioner's motion for rehearing on October 15, 2014. Resp. Br., Ex. D (Dkt. No. 7-4) 2. The Supreme Court of Virginia refused petitioner's petition for an appeal on May 27, 2015, and he did not petition for a rehearing. Pet. (Dkt. No. 1) ¶ 20.

After pursuing a direct appeal, petitioner timely filed a petition for a writ of habeas corpus in the Circuit Court for the Isle of Wight County on May 26, 2016, challenging his confinement and alleging ineffective assistance of counsel because "[t]rial counsel was ineffective for failing to investigate, challenge pretrial, and challenge at trial the admissibility of [the victim's] 'recovered' memories." Resp. Br., Ex. D (Dkt. No. 7-4) 2-3. On May 23, 2017, the circuit court dismissed the petition. *Id.* at 1-12. Petitioner appealed the circuit court's decision to the Supreme Court of Virginia, which denied the appeal on November 3, 2017. Pet. (Dkt. No. 1) ¶ 21. On November 6, 2017, petitioner filed a petition for a rehearing, which was denied on February 2, 2018. Resp. Br., Ex. E (Dkt. No. 7-5) 1-2.

On April 30, 2018, petitioner timely[3] filed the instant petition for writ of habeas corpus seeking to overturn his convictions on the same grounds alleged in his state habeas petition, mainly

---

[3] Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244, the petitioner must file his federal habeas petition within one year from: (1) the time his conviction became final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognized the constitutional right asserted; or (4) the factual predicate for the claim could have been discovered with due diligence. § 2244(d)(1)(A)-(D). The Supreme Court of Virginia denied petitioner's petition for appeal on May 27, 2015 and petitioner filed his petition for a writ of habeas corpus with the Circuit Court for the Isle of Wight County 364 days later, on May 26, 2016. The statute of limitations period was tolled until the Supreme Court of Virginia denied his petition for rehearing

3

that trial counsel was ineffective for failing to investigate and challenge the admissibility of the victim's recovered memories. Specifically, petitioner alleges that had his trial counsel challenged the victim's testimony, the government would have been required to present expert testimony regarding the reliability of the victim's recovered memories. Petitioner further alleges that such testimony would have demonstrated that the memories were unreliable, and the trial court would have then excluded the victim's testimony. Pet. (Dkt. No. 1) ¶ 62. On May 31, 2018, respondent filed a Motion to Dismiss and Rule 5 Answer (Dkt. Nos. 5 and 6) with a supporting brief (Dkt. No. 7), to which petitioner filed a reply on June 19, 2018 (Dkt. No. 10).

**II.     Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") sets several limitations on the power of federal courts to grant applications for writs of habeas corpus on behalf of state-court prisoners. If an application includes a claim that has been "adjudicated on the merits in State Court proceedings," a federal court may not grant a state prisoner's habeas petition unless the relevant state-court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Petitioner challenges the Supreme Court of Virginia's decision under the first prong, set forth in § 2254(d)(1). Whether a state-court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. *See Williams v. Taylor*, 529 U.S. 362, 385-86 (2000). A state-court decision is "contrary to" clearly established

---

on his writ of habeas corpus appeal on February 2, 2018; he filed the instant writ of habeas corpus petition in this court 87 days later. The one-year period does not commence until the latest of the date when judgment on direct review becomes final. *See* § 2244(d)(1)(A); *see also Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000). The time for filing a petition for certiorari is 90 days. Accordingly, petitioner's petition was timely filed.

federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court's]." *Id.* at 405 (citations omitted). A state-court decision involves "an unreasonable application" of federal law if it "identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case," or "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

The "difficult to meet" and "highly deferential" standard set forth in § 2254(d) requires that state-court decisions be given the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted); *see also Lenz v. Washington*, 444 F.3d 295, 299 (4th Cir. 2006) ("The required deference encompasses both the state court's legal conclusions and its factual findings."). The petitioner carries the burden of proof and "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

### III.   Analysis

The subject of the present § 2254 federal habeas review is the Supreme Court of Virginia's May 23, 2017 decision denying petitioner's habeas corpus petition. The petition before this Court argues for a de novo standard of review and raises an ineffective assistance of counsel claim, each of which is addressed in turn.

### A.     De Novo Review Claim

Petitioner first challenges the standard of review applicable to his claim for ineffective assistance of counsel, arguing that de novo review should displace the otherwise deferential § 2254 standard of review. Pet. (Dkt. No. 1) ¶¶ 28-29. Petitioner's contention is based on the argument that the state court denied petitioner's request for an evidentiary hearing, which "truncated" the factual record in the underlying case, and that the state court's decision was not "adjudicated on the merits." *Id.* at ¶ 29. This argument is not persuasive.

Petitioner relies on *Winston v. Kelly*, 592 F.3d 535 (4th Cir. 2010) ("*Winston I*") for the proposition that a claim is not "adjudicated on the merits" when the state court makes its decision on a "materially incomplete record." *Id.* at 553-54. In *Winston I*, the Fourth Circuit held that when

> a state court forecloses further development of the factual record, it passes up the opportunity that exhaustion ensures. If the record ultimately proves to be incomplete, deference to the state court's judgment would be inappropriate because judgment on a materially incomplete record is not an adjudication on the merits for purposes of § 2254(d). New, material evidence, introduced for the first time during federal habeas proceedings, may therefore require a de novo review of petitioner's claim.

*Winston I*, 592 F.3d at 555-56 (citations omitted). *Winston I* was decided before *Cullen v. Pinholster*, 563 U.S. 170 (2011) and *Harrington v. Ricther*, 562 U.S. 86 (2011), which collectively held that § 2254 review is limited to the record before the state court that adjudicated the claim on the merits and that, if a state court has denied relief, a federal court may presume that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. Nonetheless, the Fourth Circuit maintained its approach in *Winston I* by holding that neither of those rulings "expressly delineates the contours of an 'adjudication on the merits' for AEDPA purposes, and we require more than conjecture about the views of the Supreme

6

Court before we retreat from a decision that is the law of the case." *Winston v. Pearson*, 683 F.3d 489 (4th Cir. 2012) ("*Winston II*").

Although petitioner correctly cites the law on the issue, he fails to address the context of these cases. In *Winston I*, the petitioner sought an evidentiary hearing from the state habeas court to present evidence of a mental disability, which could have prevented his execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). The Supreme Court of Virginia denied all relief without allowing an evidentiary hearing because petitioner's *Atkins* claim had not been raised on direct appeal and, therefore, was procedurally defaulted. *Winston I*, 592 F.3d at 542. The Fourth Circuit held that petitioner was entitled to an evidentiary hearing because the state court ignored "new, material evidence that the state court could have considered had it permitted further development of the facts." *Id.* at 555. Accordingly, the Fourth Circuit permitted an evidentiary hearing because "evidence in support of the *Atkins* claim was new evidence that was not even suggested to the state habeas court" because his counsel "did not find records of a test score relevant to proving his retardation until two weeks before the evidentiary hearing" in federal court. *Id.* at 539. *Winston II* further held that an adjudication on the merits for purposes of § 2254(d) does not occur when a petitioner is hindered from "producing critical evidence. . .by the state court's unreasonable denial of discovery and an evidentiary hearing." *Winston II*, 683 F.3d at 501.

Petitioner also relies on *Gordon v. Braxton*, 780 F.3d 196 (4th Cir. 2015) for the proposition that a state court's adjudication of a petitioner's habeas petition based on an inadequate factual record is not on the merits. The petitioner in *Gordon* pleaded guilty to one count of carnal knowledge and soliciting the production of child pornography but did not timely file a direct appeal. *Id.* at 199. The petitioner filed a *pro se* state habeas corpus petition alleging ineffective assistance of counsel because his attorney failed to file an appeal and requesting an evidentiary

hearing and appointment of counsel. *Id.* The petitioner later filed a sworn affidavit stating that he asked his trial counsel to file the appeal, but the state habeas court denied the appeal because the petitioner had not shown deficient performance where he "had merely inquired about an appeal, not directly requested one." *Id.* at 199-200. The Fourth Circuit disagreed and held that "the state court did not adjudicate [the petitioner's] claim on the merits because it (1) unreasonably truncated further factual development on [the petitioner's] contention that [his counsel] failed to file an appeal and (2) said nothing at all about [the petitioner's] assertion that [his counsel] failed to consult with him." *Id.* at 202.

Petitioner's case is distinguishable from both *Winston I* and *Gordon*, where both state habeas courts failed to address the petitioner's claims. In *Winston I*, the state habeas court rejected the petitioner's *Atkins* claim as procedurally defaulted, and in *Gordon*, the state habeas court failed to address petitioner's claim that trial counsel did not consult him about filing a direct appeal. Here, the Supreme Court of Virginia directly addressed petitioner's argument for ineffective assistance of counsel. Moreover, the record is complete, and petitioner has not identified any new admissible evidence or witness testimony that would warrant an evidentiary hearing. As the Supreme Court of Virginia stated, "[n]otably absent [in both the state and federal habeas petitions], however, is any affidavit from an expert stating that they would have testified that [the victim's] recollection of what happened to her was unreliable, or any Virginia criminal case excluding a sexual-abuse victim's testimony on such basis." Resp. Br., Ex. D (Dkt. No. 7-4) 7. Instead, petitioner refers to articles stating that a controversy exists among experts regarding the reliability of recovered memories, entitling him to an evidentiary hearing.

"When a trial record provides a sufficient basis to determine the merits of a habeas corpus petition, a circuit court may refuse either party's request for an evidentiary hearing." *Friedline v.*

8

*Commonwealth*, 576 S.E.2d 491, 493 (2003); *see also Gray v. Zook*, 806 F.3d 783, 792 (4th Cir. 2015). Because there is a complete factual record and no new evidence was submitted, the Supreme Court of Virginia correctly refused petitioner's request for an evidentiary hearing. Accordingly, petitioner's contention that de novo review applies to his claim for ineffective assistance of counsel must be rejected and, as such, the regular standard for § 2254 review as outlined in Part II applies to petitioner's claim.

### B.   Ineffective Assistance of Counsel Claim

Petitioner next raises an ineffective assistance of counsel claim based on his trial counsel's failure to investigate and challenge the admissibility of the victim's recovered memories as unreliable. The "pivotal question" before this Court is not whether defense counsel's performance fell below the standard as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), but whether the state court's application of *Strickland* was unreasonable—a substantially higher threshold. *Harrington*, 562 U.S. at 101; *see also Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009). "Review here is thus 'doubly deferential,' requiring a 'highly deferential' look at counsel's performance [per *Strickland*] through § 2254(d)'s 'deferential lens.'" *Cullen*, 563 U.S. at 171-72 (quoting *Knowles*, 556 U.S. at 121, 123).

As the Supreme Court of Virginia correctly recognized, the merits of petitioner's claim of ineffective assistance of counsel are governed by the settled and familiar two-pronged analysis set forth in *Strickland*. To prevail on an ineffective assistance of counsel claim, a petitioner must prove both (1) that counsel's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the deficient performance prejudiced the defense, which requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial

9

whose result is reliable." *Strickland*, 466 U.S. at 687. The two prongs constitute "separate and distinct elements," *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994), and a federal court may dismiss an ineffective assistance claim under either prong, *Strickland*, 466 U.S. at 697.

To satisfy the first prong of the *Strickland* analysis, petitioner must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. To do so, the petitioner "must identify the acts or omissions of counsel that are alleged to have been the result of reasonable professional judgment," and then a federal court must determine whether, in light of the circumstances, those acts or omissions "were outside the wide range of professionally competent assistance." *Id.* at 690. A reviewing court has a "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance because "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002); *see also Burket v. Angelone*, 208 F.3d 172, 189 ("We must be highly deferential in scrutinizing [defense counsel's] performance and must filter the distorting effects on hindsight from our analysis.").

For the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is defined as a "probability sufficient to undermine confidence in the outcome." *Id.*; *see also Lovitt v. True*, 403 F.3d 171, 181 (4th Cir. 2015) (noting that, when determining prejudice, courts "reweigh the evidence in aggravation against the totality of available mitigating evidence") (citations omitted). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that [the errors] worked to his actual and substantial disadvantage, infecting his entire trial

with errors of constitutional dimension." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (citations omitted).

In this case, petitioner claims that trial counsel was ineffective for failing to investigate and challenge the admissibility of the victim's "recovered" memories as unreliable. The Supreme Court of Virginia found that petitioner was unable to satisfy either the *Strickland* performance or prejudice prong. Resp. Br., Ex. D (Dkt. No. 7-4) 5.

With respect to the performance prong, petitioner failed to show any way counsel could have challenged the victim's testimony, such as providing testimony from an expert witness that the victim's testimony in this case was not credible. *Id.* at 6. Instead, petitioner referred to articles stating that there is controversy among experts that recovered memories are not reliable and cited to a case from another jurisdiction where recovered memories were excluded. Second, the court found that the victim's testimony was not "scientific evidence" but lay-witness testimony, and it was up to the court "to weigh the evidence, particularly when there has been no evidence proffered that the witness is incompetent to testify." *Id.* at 7-8. Specifically, the court heard

> [the victim] testify about the events in question. She testified that she first remembered these events in 2007, "prior to undergoing counseling." [The victim] was able to recount certain dates that she recalled the abuse occurring, which house she was living in at the time, and the age she contracted genital herpes from her father, but understandably could not recall further specifics because the abuse, "was such a common occurrence in the home." After sentencing the Court characterized her testimony as "compelling forthright and direct."

*Id.* at 8. Accordingly, the court held that petitioner failed to show any reasonable likelihood that her testimony would have been excluded. Third, the court found that petitioner's counsel did challenge the reliability of the victim's testimony at trial as to the specific dates that the abuse occurred, both on cross-examination and in argument. *Id.* at 9. Moreover, the court found that there

were many objective reasons why trial counsel may not have chosen to present testimony on the issues of the victim's dissociative disorder and recovered memories, including "that such testimony may well emphasized the degree of trauma she suffered at the hands of her father's lengthy abuse." *Id.*

With respect to the prejudice prong, the court found that petitioner failed to show a reasonable probability of acquittal had he raised additional challenges to the victim's memory because "his own statements proved that he had sex with his daughter when she was under the age of 18." *Id.* at 10. For these reasons, the court concluded that trial counsel's performance did not fall below an objective standard of reasonableness and that, in any event, there was no showing that but for trial counsel's alleged errors, there was a reasonable probability that the result of the proceeding would have been different.

The Supreme Court of Virginia's conclusion was not an unreasonable application of *Strickland*. Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," *Strickland*, 466 U.S. at 690, because "it is 'all too easy' to second guess counsel's efforts after they have proven unsuccessful," *Meyer v. Branker*, 506 F.3d 358, 371 (4th Cir. 2007) (citations omitted); *see also Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009). In petitioner's case, trial counsel made a strategic decision not to challenge the admissibility of the victim's "recovered" memories as unreliable. Not only is trial counsel's strategic decision supported by the record, especially in light of trial counsel's cross-examination of the victim about the specific dates the abuse occurred to challenge her reliability, this decision is ultimately insignificant. Petitioner conceded that he had sex with his daughter when she was under the age of 18; trial counsel is not required to present evidence that may well backfire. *See, e.g.*, *Bunch v. Thompson*, 949 F.2d 1354, 1364 (4th Cir. 1991) ("The failure to put on . . . evidence,

12

or the presentation of evidence which then backfires, may equally expose counsel to collateral charges of ineffectiveness. The best course for a federal habeas court is to credit plausible strategic judgments in the trial of a state case."). In view of the vast deference afforded to trial counsel's strategic decisions and the substantial deference afforded to state-court decisions on adjudication of § 2254 motions, the Supreme Court of Virginia's conclusion with respect to this claim was not an unreasonable application of *Strickland*.

### IV. Recommendation

The undersigned finds that the deferential standard of review set forth in § 2254 was appropriate here, and that the state-court decision was not contrary to, nor did it involve an unreasonable application of, established federal law.

Accordingly, the undersigned recommends GRANTING respondent's motion to dismiss and DENYING the petition for a writ of habeas corpus.

### V. Notice

The parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

October 30, 2018
Alexandria, Virginia