# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | | |
|---|---|---|
| CARLOS DOUGLAS NOCE,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | Civil Action No. 1:18cv513 |
| UNITED STATES OF AMERICA, | )<br>)<br>) | |
| Respondent. | )<br>) | |

## ORDER

Petitioner, a state court prisoner who was convicted of raping his teenage daughter, filed a counseled § 2254 motion on April 30, 2018. Petitioner asserts that his state court conviction is constitutionally infirm because his trial counsel was ineffective by failing to object to the introduction of the victim's "recovered" or "repressed" memories into evidence. Petitioner claims that a victim's recovered memories are inherently unreliable and should have been excluded. He further asserts that the state circuit court erred in denying petitioner's request for habeas relief on the ground of ineffective assistance of counsel, and that the Supreme Court of Virginia erred by refusing his appeal. He now seeks federal review of his claim for habeas relief pursuant to 28 U.S.C. § 2254(d).

Upon receipt of petitioner's § 2254(d) motion, this matter was referred to United States Magistrate Judge Michael Nachmanoff for the issuance of a Report and Recommendation ("Report").[1] On October 30, 2018, Judge Nachmanoff issued his Report

recommending that petitioner's motion be denied, noting that the state court's decision was not contrary to clearly established federal law, that it did not involve an unreasonable application of federal law, and that it did not involve an unreasonable determination of the facts. Petitioner notes several related objections to Judge Nachmanoff's Report. Petitioner's objections must be overruled and his § 2254(d) must be denied because the state court's decision is entitled to deference and was not an unreasonable application of federal law; and even if the state court's decision is not entitled to deference, petitioner's *Strickland* claim nonetheless fails for lack of prejudice.

Federal habeas claims under § 2254(d) may only be granted if it is shown (i) that the state court's decision "was contrary to federal law then clearly established in the holdings of [the Supreme Court]"; (ii) that the state court's decision "involved an unreasonable application of such law"; or (iii) that the state court decision "was based on an unreasonable determination of the facts in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (internal citations and marks omitted). Here, the only question is whether the state court's application of the familiar *Strickland* standard was unreasonable. As the Supreme Court has noted, the § 2254(d) inquiry "is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Id.* at 101. Rather, a state court's decision regarding the fate of a state prisoner must be granted "deference and latitude" that would not be present if the federal district court were reviewing the habeas petition of a federal prisoner for the first time. *Id.* Stated

---

[1] Judge Nachmanoff's Report thoroughly recites the facts and procedural history of this case. Repetition is not warranted here.

2

differently, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Petitioner contends that the state court's decision in this matter should not be afforded the customary deference detailed in *Harrington* and *Yarborough* because the state court did not make an independent decision but instead relied upon a proposed order provided by respondent without conducting an evidentiary hearing. In other words, petitioner claims that his habeas petition in state court was not "adjudicated on the merits." In support of this argument, petitioner cites *Winston v. Kelly*, 592 F.3d 535 (4th Cir. 2010), which holds that federal courts should not afford deference to a state court decision that is based on a "materially incomplete record." Petitioner also relies on *Gordon v. Braxton*, 780 F.3d 196 (4th Cir. 2015), which held that a state court does not adjudicate a habeas petition on the merits if the state precludes the petitioner from developing the facts necessary to establish the claim for habeas relief.

As Judge Nachmanoff correctly found, *see* Report at 6–9, both *Winston* and *Gordon* are clearly distinguishable from this case. In both of those cases, the state court precluded the petitioner from developing factual support for a potentially viable habeas claim. Here, the trial record completely forecloses petitioner's claim for habeas relief on the prejudice prong and thus no additional factfinding is necessary. Because additional facts were not necessary to adjudicate petitioner habeas claim, the state court's decision to deny the petitioner an evidentiary hearing does not mean that the state court did not adjudicate

3

petitioner's claim on the merits. Accordingly, the state court's decision is entitled to deference.

Here, given the appropriate standard of review, it is clear that the state court's decision must be upheld. Applying the familiar *Strickland* standard,[2] the state court determined (i) that petitioner's trial counsel was not ineffective for failing to object to the admission of evidence regarding the victim's recovered or repressed memories, and (ii) that the petitioner cannot show prejudice because he admitted to police that he had sex with his underage daughter. Assuming petitioner's position on the first prong of *Strickland* is correct and that trial counsel should have objected to the admission of the victim's recovered memories, the state court's decision denying petitioner habeas relief must nonetheless be upheld because reasonable jurists could disagree on this issue, namely whether trial counsel's failure to object to the admission of recovered memories was outside the broad range of professionally competent assistance.

Yet, even assuming, *arguendo*, that petitioner could establish that the state court's application of *Strickland*'s first prong was unreasonable and that trial counsel's performance was in fact deficient, petitioner cannot establish that the state court's application of *Strickland*'s second prong was also unreasonable. This is so because petitioner cannot cannot show that there was a reasonable probability that the result of the

---

[2] To prevail on an ineffective assistance of counsel claim, a petitioner must prove both (1) that counsel's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the deficient performance prejudiced the defense, which requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

4

trial would have been different if his trial counsel had objected to the admission of the victim's recovered memories. This is so because the state court record reveals that petitioner admitted to police that he had sex with his daughter when she was 15 or 16 years old and that petitioner testified at trial that he had sexual intercourse with his daughter. Given this evidence, which was properly admitted at trial, only the rarest of juries would have acquitted petitioner.

It is worth noting, in the alternative, that even if the state court's decision is not entitled to deference and *de novo* review is appropriate, petitioner's claim still fails because petitioner cannot establish *Strickland's* prejudice prong.

Because petitioner cannot not establish the second prong of *Strickland*, the state court's denial of his habeas petition was not an unreasonable application of federal law.

Accordingly,

The Court **OVERRULES** petitioner's objections (Doc. 15) to the Report and Recommendation and **ADOPTS** the findings of fact and recommendations of the United States Magistrate Judge, as set forth in the Report (Doc. 14).

Thus,

It is hereby **ORDERED** that petitioner's § 2254(d) motion is **DENIED**.

The Clerk is directed to provide a copy of this Order to petitioner at his last known address and to all counsel of record, and to place this matter among the ended causes.

Alexandria, VA
December 18, 2018

/s/
T. S. Ellis, III
United States District Judge